percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protest was sustained to this extent.

**No. 55017.**—Octo Trading Corp. *v.* United States, protest 162396–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find any evidence sufficient to overcome the action of the collector which was presumptively correct. The protest was therefore overruled.

BEFORE THE FIRST DIVISION, DECEMBER 21, 1950

**No. 55018.**—S. S. Kresge Co. et al. *v.* United States, protests 141274–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of figures composed wholly or in chief value of papier mâché the same in all material respects as those passed upon in *S. S. Kresge Co. v. United States* (25 Cust. Ct. 89, C. D. 1269), the claim of the plaintiffs was sustained.

**No. 55019.**—Solomon Arastoozad *v.* United States, protest 124162–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 55020.**—William Unger *v.* United States, protest 137621–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 55021.**—Max Schuster *v.* United States, protests 142516–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those

the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 55022.**—Max Schuster v. United States, protests 152209–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 21, 1950

**No. 55023.**—Bernard Lippman et al. v. United States, protests 116018–K, etc. (New York).

Opinion by LAWRENCE, J.   It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430).   Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\%_{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

BEFORE THE THIRD DIVISION, DECEMBER 21, 1950

**No. 55024.**—Canada Dry Ginger Ale, Inc., et al. v. United States, protests 91039–K, etc. (New York).

Opinion by EKWALL, J.   For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 55025.**—Vintage Wines, Inc. v. United States, protests 149003–K, etc. (New York).